# Guthrie v. Franklin Fire Insurance Company of Philadelphia.

*Aaron Trasoff*, for plaintiff; *Horace M. Schell*, for defendant.

LAMBERTON, J., December 17, 1931.—Defendant, on January 28, 1926, issued its policy of fire insurance in the sum of $20,000 upon premises No. 3903 Chestnut Street in the City of Philadelphia for the term of five years. Attached thereto was a rider bearing the standard mortgagee clause, making the loss payable to Dr. D. Clinton Guthrie, the plaintiff herein, mortgagee, "as interest may appear."

The property was damaged by fire on November 12, 1930, and the parties have agreed that a proper adjustment of the loss on account of said fire is $1281. At the time of said fire, plaintiff owned a mortgage on said property in the sum of $20,000, and requested defendant to pay to him said sum of $1281. Upon defendant's failure so to do, plaintiff brought this suit.

The owner of the property at the time of the fire, and the assignee of the insurance policy in question, was Morris Marks. On February 6, 1931, Louis B. Orlowitz, trading as Louis B. Orlowitz & Company, issued an attachment on a judgment against said Marks amounting to $1981.50, and defendant was summoned as garnishee.

On the basis of the above facts, defendant has asked that plaintiff above named and Louis B. Orlowitz, the attaching creditor, should be required to interplead and that defendant should have leave to pay said fund of $1281 into court and be relieved from all further liability therefor. Section 4 of the Interpleader Act of March 11, 1836, P. L. 76, provides for such a proceeding: "If he (defendant) shall also allege under oath or affirmation that the right thereto is claimed by or supposed to belong to some person not party to the action, who has sued or is expected to sue for the same."

If the owner of the property, Morris Marks, were claiming the fund from defendant, the case would come within the provisions of the Interpleader Act, but no claim has been made by the owner. The judgment creditor of the owner cannot claim that the money belongs to him, nor can anyone truthfully allege that the money is supposed to belong to the judgment creditor. The judgment creditor has no rights whatever under the insurance policy, and any right he may be asserting by attachment is not a right under the policy or to the fund in question within the meaning of the act. We, therefore, believe that the facts in this case are not within the meaning or intent of the act, and defendant has no standing to require plaintiff and the attaching creditor to interplead.

Defendant complains that it may have to pay the claim twice. We do not think so. The attaching creditor can secure no rights against the fund in defendant's hands unless the owner of the property has some rights therein. No such rights are apparent from the record before us. If defendant will file an affidavit of defense, the ownership of this fund can probably be promptly

530

determined on a rule for judgment for want of a sufficient affidavit of defense, and the rights of all the parties will be thereby fixed.

And now, to wit, December 17, 1931, defendant's rule for interpleader is discharged, and defendant is given leave to file an affidavit of defense within fifteen days from the date hereof.